[Cite as *State v. Milite*, 2022-Ohio-656.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

NICHOLE M. MILITE,

        Defendant-Appellant.

**CASE NO. 2021-G-0016**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 C 000207

## O P I N I O N

Decided: March 7, 2022
Judgment: Affirmed

*James R. Flaiz,* Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024; and *Nicholas A. Burling,* Assistant Prosecutor, 231 Main Street, Suite 3A, Chardon, OH 44024 (for Plaintiff- Appellee).

*John P. Laczko,* Portage County Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (for Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1}    Appellant, Nichole M. Milite, appeals the trial court's denial of her motion to suppress contending that this court should vacate her sentence because the peace officer conducted an unconstitutional search and seizure without reasonable suspicion that Appellant was violating the law.

{¶2}    On October 7, 2019, Appellant was a passenger in a vehicle when a peace officer detained the vehicle, arrested Appellant, and seized drugs and related items from her.

{¶3}   On December 9, 2019, Appellant was charged with count one: tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), and count two: aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2921.12(A)(1).  Appellant entered a plea of not guilty on both counts.

{¶4}   Appellant filed a motion to suppress any evidence the peace officer gathered from her or her vehicle on October 7, 2019. The trial court conducted a suppression hearing, and on September 25, 2020, the court issued an order denying Appellant's motion.

{¶5}   On April 14, 2021, the trial court held a change of plea hearing at which Appellant entered a plea of guilty to count one: tampering with evidence.  The state dismissed count two: aggravated possession of drugs.  The trial court sentenced Appellant to eighteen months in prison.

{¶6}   "ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT AND VIOLATED HER RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT BY OVERRULING APPELLANT'S MOTION TO SUPPRESS HER STOP, ARREST, DETENTION, AND THE ADMISSION INTO EVIDENCE OF ITEMS OF CONTRABAND SEIZED ON OCTOBER 7, 2019."

{¶7}   In support of her sole assignment of error, Appellant contends that the Fourth Amendment to the United States Constitution and Section 14, Article 1, of the Ohio Constitution prohibit the government from conducting unreasonable searches and seizures of persons or their property.

Case No. 2021-G-0016

{¶8} "A guilty plea is a complete admission of guilt under Crim.R. 11(B)(1), and a defendant who voluntarily, knowingly, and intelligently enters a plea of guilty with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Obermiller*, 147 Ohio St. 3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55.

{¶9} Here, Appellant asserts constitutional violations stemming from the October 7, 2019, search and seizure. Yet, following the suppression hearing, Appellant plead guilty to count one: tampering with evidence. Appellant is unable to raise constitutional violations that occurred prior to her guilty plea on April 14, 2021. *Id*. at ¶ 55. Because Appellant is claiming constitutional violations concerning events that occurred prior to her guilty plea, we find Appellant's assignment of error is without merit.

{¶10} We affirm the judgment of the Geauga County Court of Common Pleas.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

3

Case No. 2021-G-0016